**GARY J. NELSON, CA Bar No. 184651**
gnelson@lrrc.com
**G. WARREN BLEEKER, CA Bar No. 210834**
wbleeker@lrrc.com
**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
**655 N. Central Avenue, Suite 2300**
**Glendale, California 91203-1445**
**Telephone: (626) 795-9900**
**Facsimile: (626) 577-8800**

Attorneys for Plaintiff,
Desiccare, Inc., a Nevada corporation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESICCARE, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BOVEDA, INC., a Minnesota corporation, and CHARLES RUTHERFORD, an individual,<br><br>Defendants. | Case No. 2:16-cv-00702<br><br>**COMPLAINT FOR:**<br><br>(1) **FALSE ADVERTISING, 15 U.S.C. § 1125(a);**<br>(2) **FALSE ADVERTISING, CAL. BUS. & PROF. CODE § 17500 *ET SEQ.***<br>(3) **UNFAIR COMPETITION, CAL. BUS. & PROF. CODE § 17200 *ET SEQ.*;**<br>(4) **UNFAIR COMPETITION UNDER CALIFORNIA COMMON LAW**<br>(5) **INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS**<br>(6) **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS**<br>(7) **NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS**<br><br>**DEMAND FOR JURY TRIAL** |

-1-

**1**   For its Complaint against Defendants Boveda Inc. ("Boveda") and Charles

**2**   Rutherford ("Rutherford") (collectively "Defendants"), Plaintiff Desiccare, Inc.

**3**   ("Desiccare") alleges as follows:

**4**   <u>**JURISDICTION AND VENUE**</u>

**5**   1.      This is an action for false advertising in violation of 15 U.S.C.

**6**   Section 1125(a) and Cal. Bus. & Prof. Code Sections 17500 *et seq.*, unfair

**7**   competition under Cal. Bus. & Prof. Code Sections 17200 *et seq.* and the

**8**   common law of California, and intentional interference with contractual relations,

**9**   intentional interference with prospective economic relations, and negligent

**10**   interference with prospective economic relations under California law.   This

**11**   Court has subject matter jurisdiction pursuant to at least 15 U.S.C. Section

**12**   1121(a), 28 U.S.C. Section 1367, and 28 U.S.C. Section 1332(a).

**13**   2.      This Court has personal jurisdiction over Defendants because

**14**   Defendants have conducted systematic and continuous business within California

**15**   and because they have directed their unlawful business activities towards

**16**   California, interfered with business relationships within California and within this

**17**   District, and have caused injury to a corporation conducting systematic and

**18**   continuous business within California.

**19**   3.      Venue is proper under at least 28 U.S.C. Section 1391(b)(3).

**20**   <u>**PARTIES**</u>

**21**   4.      Desiccare is a company organized under the laws of Nevada and

**22**   maintains offices in California. Desiccare is headquartered in Reno, Nevada.

**23**   5.      On information and belief, Defendant Boveda is a company

**24**   organized under the laws of Minnesota and is located at 17613 Minnetonka Blvd.,

**25**   Wayzata, Minnesota, 55391.

**26**   6.      On information and belief, Defendant Rutherford is an individual

**27**   and resident of Minneapolis, Minnesota.

**28**

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE

-2-

**FACTUAL BACKGROUND**

7.      Desiccare is a manufacturer and distributor of high quality moisture products, including desiccants, humectants, and oxygen absorbers. Desiccare regularly develops new and improved moisture control products and sells its array of products throughout the United States, including in this District, and the rest of the world. Desiccare sells its products to third party distributors and directly to customers for both personal and commercial use.

8.      For many years, Desiccare has provided high quality moisture products and has developed a strong reputation in the industry. Desiccare's products have received acclaim in the industry. Desiccare has been careful, skillful, and diligent in the conduct of its business and has maintained uniform standards of high quality in its goods and products.

9.      Desiccare sells and markets its moisture products through various trade channels, including trade shows. At these trade shows, Desiccare demonstrates its various products and Desiccare's representatives interact with prospective and current business relations. Desiccare typically develops business relations through developing contacts at these trade shows, and many suppliers, distributors, and manufacturers attend these trade shows. Desiccare's products are often demonstrated at these trade shows at booths operated Desiccare as well as at booths operated by Desiccare's business relations.

10.      Desiccare strives to develop new and improved methods of providing moisture control systems. Desiccare is the owner of United States Patent Nos. 6,977,589, 8,048,201, 6,977,589, and 6,716,276 directed to moisture control systems, with multiple provisional patents pending before the United States Patent and Trademark Office. One of these pending provisional patents is directed to a humectant system.

11.      Desiccare owns the brand INTEGRA™, which it uses in association with its INTEGRA™ humectant system and INTEGRA™ BOOST™ humectant

-3-

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE

system (collectively, "INTEGRA™ humectant system").   The INTEGRA™ humectant system adsorbs and releases moisture by regulating humidity at a preselected relative humidity.   The INTEGRA™ humectant system allows for humidity control inside curing and storing containers.   As is common in the industry, the INTEGRA™ humectant system is not designed to provide such performance characteristics indefinitely, and is often accompanied by a humidity indicating card which indicates to a user when the INTEGRA™ humectant system should be replaced.   The rate at which the INTEGRA™ humectant system adsorbs and releases moisture impacts the lifespan of the INTEGRA™ humectant system.

12.   The INTEGRA™ humectant system includes carefully apportioned quantities of miscible glycerin, water, and a gelling agent.   The three components together provide humidity control.

13.   Desiccare recently introduced the INTEGRA™ humectant system. Accordingly, Desiccare has already entered into various contractual agreements with distributors and suppliers of products requiring humidity control, and is actively working to establish business relationships with other potential customers in the industry.   These customers and potential customers often attend the same trade shows that Desiccare attends.

14.   On information and belief, on or about November 17, 2015, Defendant Rutherford, as an agent of Boveda, contacted one of Desiccare's INTEGRA™ humectant system customers (the "California Customer") located within the Central District of California, via email (the "Rutherford email"), attacking the quality of Desiccare's INTEGRA™ humectant system, notwithstanding and with full knowledge of Desiccare's business and contractual relationship with the California Customer.   A copy of the Rutherford email is attached as Exhibit A.

15.     On information and belief, on or around December 23, 2015, Defendant Boveda made available to the public a video titled "Boveda vs. Desiccare Integra Boost" (the "YouTube video"), available at <http://www.youtube.com/watch?v=fCvsdlmuMgw>.     A screenshot of the webpage available at <http://www.youtube.com/watch?v=fCvsdlmuMgw> is attached as Exhibit B.

16.     On information and belief, on or around December 23, 2015, Defendant Boveda contacted a distributor of humectants and desiccants located within the Central District of California (the "California Distributor"), via email (the "Boveda email"), attacking the quality of Desiccare's INTEGRA™ humectant system, notwithstanding and with full knowledge of Desiccare's prospective business relationship with the California Distributor, and with intent to disrupt Desiccare's prospective business relationship with the California Distributor.  A copy of the Boveda email is attached as Exhibit C.

17.     On information and belief, on or around December 23, 2015, Defendant Boveda made available to the public a weblog post titled "VIDEO: Boveda vs. Desiccare Integra Boost," available at http://www.bovedainc.com/video-boveda-vs-desiccare-integra-boost/ (the "weblog post").  A screenshot of the weblog post is attached as Exhibit D.

18.     On information and belief, through transmission of at least the Rutherford email, the YouTube video, the Boveda email, and the weblog post (collectively the "Communications"), Defendants disseminate false, disparaging, and deliberately misleading statements about Desiccare and Desiccare's INTEGRA™ humectant system.  Further, Defendants have disseminated these false, disparaging, and deliberately misleading statements in connection with advertising Boveda's competing products.

19.     By way of example, Defendants claim that, with regard to use of the

-5-

INTEGRA™ humectant system, *"[i]t's going to be a very painful and expensive lesson for any cultivators/processors/customers/patients expecting moisture control"* (emphasis added). This statement is demonstrably false and misrepresents the nature and qualities of Desiccare's products. It suggests that Desiccare's products do not provide moisture control, when in fact they do.

20.   As yet another example, Defendants claim that *"[Desiccare's INTEGRA™ humectant system is] being sold as Boveda by another name"* (emphasis added). This is demonstrably false. Desiccare does not use the Boveda name in any way in its advertising and promotion of its products.

21.   As yet another example, Defendants claim that Desiccare's INTEGRA™ humectant system *"just has glycerin and water"* (emphasis added). This is demonstrably false and misleading. The INTEGRA™ humectant system includes carefully apportioned quantities of miscible glycerin, water, and a gelling agent such as gelatin. The three components together provide humidity control.

22.   As yet another example, Defendants claim that *"[Boveda's product] can absorb, it can release and it's still going to stay 62% so you cure as long as you want and it will still be 62% in there and you will come back to perfectly cured gorgeous cannabis.  On the other hand, if you threw in [Desiccare's INTEGRA™ humectant system] with a pound of cannabis, expecting it to add or remove moisture and maintain a specific level, that is not what will happen"* (emphasis added). This statement is deliberately misleading and misrepresents the nature and qualities of Desiccare's products. It suggests that Desiccare's products do not maintain relative humidity levels when in fact Desiccare's products maintain relative humidity levels under typical operating conditions.

23.   As yet another example, Defendants claim that *"[Desiccare's INTEGRA™ humectant system] will either give off some moisture and*

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE

*completely drop or absorb a little moisture and go sky high"* (emphasis added). This statement is deliberately misleading and misrepresents the nature and qualities of Desiccare's products.  It suggests that Desiccare's products do not maintain relative humidity levels when in fact Desiccare's products maintain relative humidity levels under typical operating conditions.

24.    As yet another example, Defendants claim that *"[customers wi]ll find a very very expensive and time consuming lesson once [the customers] come back to something that [they] have tried to cure with [Desiccare's INTEGRA™ humectant system]"* (emphasis added).    This statement is deliberately misleading and suggests that Desiccare's products do not maintain relative humidity levels when in fact Desiccare's products maintain relative humidity levels under typical operating conditions.

25.    As yet another example, Defendants claim that *"[Desiccare] allude[s] to the fact that you cannot count on "[the INTEGRA™ humectant system] being a stable humidity level because their packaging says actual humidity levels may fluctuate due to environmental changes"* (emphasis added). Desiccare, however, has not sold any product containing such statements on the packaging.

26.    As yet another example, Defendants claim that *"[Desiccare's INTEGRA™ humectant system] film was tested [by Boveda] and [the INTEGRA™ humectant system] film transfers water vapor in and out 6 times slower than Boveda.  So what that means is that if you've just started using this, it might not be too late to get it out of there before you end up learning a painful lesson"* (emphasis added).  To Desiccare's knowledge, Defendants have not disclosed any purported test results, but based on Desiccare's internal testing, Defendants' claims are not accurate and are not supported by fact.

27.    As yet another example, Defendant Boveda claims that *"the*

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE

-7-

*[INTEGRA™ humectant system] transfers water vapor about 6 times more slowly than Boveda, so it may not be too late to keep growers, packagers, dispensaries and end users from learning an expensive and painful lesson"* (emphasis added). Again, to Desiccare's knowledge, Defendants have not disclosed any purported test results, but based on Desiccare's internal testing, Defendants' claims are not accurate and are not supported by fact.

28. As yet another example, Defendant Boveda alleges that, with regard to use of the INTEGRA™ humectant system, *"[the] 55 and 62 [relative humidity designations] are starting points, not the RH it will maintain under the same conditions where Boveda shines"* (emphasis added). This statement is deliberately misleading and suggests that Desiccare's products do not maintain relative humidity levels when in fact Desiccare's products maintain relative humidity levels under typical operating conditions.

## FIRST CLAIM FOR RELIEF

### False Advertising, 15 U.S.C. § 1125(a) Asserted By

### Plaintiff Against All Defendants

29. Desiccare hereby repeats and realleges paragraphs 7 through 28 of the Complaint.

30. Defendants' false and misleading statements, outlined in part in Paragraphs 18 through 28, constitute false advertising in violation of 15 U.S.C. Section 1125(a).

31. Desiccare has been damaged and is likely to be damaged in the future by Defendants' false advertising by reason of diversion of prospective purchasers and purchasers of Desiccare products under false pretenses.

32. Defendant Boveda has unfairly profited from the false advertising alleged herein and will be unjustly enriched in the future unless and until such conduct is permanently enjoined.

33. By reason of Defendants' false advertising alleged herein, Desiccare

-8-

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE

**1** has suffered damages including but not limited to damages to its business

**2** goodwill.

**3**       34. By reason of Defendants' false advertising alleged herein, Desiccare

**4** has suffered and will suffer irreparable harm in the future unless and until

**5** Defendants' conduct is permanently enjoined.

**6**       35. Defendants' false advertising alleged herein was and is willful and

**7** committed in conscious disregard of Desiccare's rights.

**8**       36. This is an exceptional case and Desiccare is entitled to an award of

**9** its attorneys' fees, costs, and any other recoverable expenses.

**10** **SECOND CLAIM FOR RELIEF**

**11** **State Statutory False Advertising Asserted by**

**12** **Plaintiff Against All Defendants**

**13**       37. Desiccare hereby repeats and realleges paragraphs 7 through 36 of its

**14** Complaint.

**15**       38. The Court has jurisdiction over this Claim pursuant to 27 U.S.C.

**16** Section 1367.

**17**       39. Defendants' false and misleading statements, outlined in part in

**18** Paragraphs 18 through 28, constitutes false advertising in violation of California

**19** Business & Professions Code Section 17500 *et seq*.

**20**       40. On information and belief, Defendants began and continued their

**21** false advertising with complete disregard of Desiccare's rights and with the intent

**22** to defraud the public.

**23**       41. Desiccare has been damaged and is likely to be damaged in the

**24** future by Defendants' false advertising by reason of diversion of prospective

**25** purchasers and purchasers of Desiccare's Products under false pretenses.

**26**       42. Defendant Boveda has unfairly profited from the false advertising

**27** alleged herein and will continue to be unjustly enriched in the future unless and

**28** until such conduct is permanently enjoined.

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE

**1**  43.  By reason of Defendants' false advertising alleged herein, Desiccare

**2** has suffered damages including but not limited to damage to its business

**3** goodwill.

**4**  44.  By reason of Defendants' false advertising alleged herein, Desiccare

**5** has suffered and will suffer irreparable harm in the future unless and until

**6** Defendants' conduct is permanently enjoined.

**7**  45.  Because of Defendant's acts complained of herein, Desiccare has

**8** been actually damaged and suffered irreparable harm, and will continue to suffer

**9** irreparable harm, and Defendant Boveda has been unjustly enriched and will

**10** continue to be unjustly enriched, which damage, irreparable harm and unjust

**11** enrichment will continue until enjoined by order of this Court.

**THIRD CLAIM FOR RELIEF**

**State Statutory Unfair Competition Asserted by**

**Plaintiff Against All Defendants**

**12**

**13**

**14**

**15**  46.  Desiccare hereby repeats and realleges paragraphs 7 through 45 of

**16** the Complaint.

**17**  47.  The Court has jurisdiction over this Claim pursuant to 27 U.S.C.

**18** Section 1367.

**19**  48.  Defendants' false and misleading statements, outlined in part in

**20** Paragraphs 18 through 28, in conjunction with Defendants' marketing,

**21** advertising, and sale of products as complained of herein, including statements

**22** about the quality of Desiccare's products, is likely to, and on information and

**23** belief is intended to, unfairly compete with Desiccare.

**24**  49.  By the acts complained of herein, Defendant has engaged in unfair

**25** competition as contemplated under Cal. Bus. & Prof. Code Sections 17200 *et seq.*

**26**  50.  Because of Defendants' acts complained of herein, Desiccare has

**27** been actually damaged and suffered irreparable harm, and will continue to suffer

**28** irreparable harm, and Defendants have been unjustly enriched and will continue

-10-

1  to be unjustly enriched, which damage, irreparable harm and unjust enrichment

2  will continue until enjoined by order of this Court.

3  **FOURTH CLAIM FOR RELIEF**

4  **State Common Law Unfair Competition Asserted by**

5  **Plaintiff Against All Defendants**

6       51.    Desiccare hereby repeats and realleges paragraphs 7 through 50 of its

7  Complaint.

8       52.    The Court has jurisdiction over this Claim pursuant to 27 U.S.C.

9  Section 1367.

10       53.    By their acts complained of herein, Defendants have engaged in

11  unfair competition under the common law of the State of California.

12       54.    Desiccare is informed and believes, and thereon alleges that the acts

13  of Defendants complained of herein were undertaken willfully and with the

14  intention of causing mistake and deception.

15       55.    Because of Defendants' acts complained of herein, Desiccare has

16  suffered and will continue to suffer irreparable harm, and Defendants have

17  unfairly profited and will continue to be unjustly enriched, to an extent not

18  presently ascertained, which irreparable harm and unjust enrichment will continue

19  unless enjoined by order of this Court.

20       56.    Defendants' conduct is and has been intentional, willful, malicious,

21  oppressive, and in reckless disregard of Desiccare's rights, entitling Desiccare to

22  an award of punitive damages.

23  **FIFTH CLAIM FOR RELIEF**

24  **Intentional Interference with Contractual Relations Asserted by**

25  **Plaintiff Against All Defendants**

26       57.    Desiccare hereby repeats and realleges paragraphs 7 through 56 of its

27  Complaint.

28       58.    The Court has jurisdiction over this Claim pursuant to 27 U.S.C.

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE

1    Section 1367.

2        59.    Desiccare entered into an agreement with a California Customer to

3    supply Desiccare humidity control products, including Desiccare's INTEGRA™

4    humectant system.

5        60.    On information and belief, Defendants knew of the contract between

6    the California Customer and Desiccare and knew that the California Customer

7    uses Desiccare's INTEGRA™ humectant system in association with the

8    California Customer's products.

9        61.    On information and belief, Defendants intended to disrupt

10   performance of the contract, in California, between Desiccare and the California

11   Customer, through wrongful acts including engaging in misrepresentation and

12   false advertising.

13       62.    As a proximate cause of the unlawful behavior by Defendants, on

14   information and belief, Defendants' conduct made performance of the contract

15   between Desiccare and the California Customer more expensive and more

16   difficult.

17       63.    As a result of Defendants' conduct, Desiccare has been damaged by

18   loss of sales to the California Customer's customers and by additional

19   expenditures related to providing quality assurances to the California Customer.

20       64.    The interference by Defendants was done intentionally, willfully and

21   in conscious disregard of Desiccare's rights and, therefore, Desiccare is entitled to

22   exemplary or punitive damages in an amount appropriate to punish Defendants

23   and to make an example of Defendants to the community.

## SIXTH CLAIM FOR RELIEF

**Intentional Interference with Prospective Economic Advantage Asserted by**

**Plaintiff Against All Defendants**

27       65.    Desiccare hereby repeats and realleges paragraphs 7 through 64 of its

28   Complaint.

-12-

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE

66.    The Court has jurisdiction over this Claim pursuant to 27 U.S.C. Section 1367.

67.    Desiccare maintains relationships with prospective customers, who in the future may purchase Desiccare's products, including Desiccare's INTEGRA™ humectant system.  These relationships are likely to provide future economic benefit to Desiccare by way of sales of products.

68.    On information and belief, Defendants knew of Desiccare's potential relationships with prospective customers.

69.    On information and belief, Defendants have knowingly and intentionally interfered with Desiccare's prospective customers by providing online video content available at www.YouTube.com and www.Bovedainc.com and by emailing prospective customers and making false, misleading, and disparaging statements as to the quality and performance of Desiccare's products. Representative examples are included in Paragraphs 19-28 of the Complaint.

70.    Defendants' conduct is unlawful.  Further, Defendants' conduct constitutes misrepresentation to the prospective customers.

71.    On information and belief, Defendants knew that such interference was certain or substantially certain to occur as a result of Defendants' actions set forth herein.

72.    Defendants' false statements have disrupted and interfered with, and will continue to disrupt and interfere with, Desiccare's ability to obtain new contractual obligations to sell and distribute its humidity control systems.

73.    As a result of Defendants' intentional interference with Desiccare's prospective economic advantage, Desiccare has been damaged in an amount to be determined at trial.

74.    As a result of Defendants' intentional interference with Desiccare's prospective economic advantage, Desiccare has been irreparably harmed and, if Defendants are not enjoined from continuing to make such false statements and

-13-

from maintaining publication of the previously published false statements, Desiccare will continue to be irreparably harmed.

75.     As a result of Defendants' intentional interference with Desiccare's prospective economic advantage, Desiccare's remedy at law is not adequate to compensate it for the injuries inflicted.  Accordingly, Desiccare is entitled to entry of injunctive relief.

76.     Defendants' intentional interference with Desiccare's prospective economic advantage was done with oppression, malice, and fraud, and undertaken with conscious disregard for the rights of others, including Desiccare.  Therefore, Desiccare is entitled to an award of punitive and exemplary damages against Defendants.

## SEVENTH CLAIM FOR RELIEF

### Negligent Interference with Prospective Economic Relations Asserted by Plaintiff Against All Defendants

77.     Desiccare hereby repeats and realleges paragraphs 7 through 76 of its Complaint.

78.     The Court has jurisdiction over this Claim pursuant to 27 U.S.C. Section 1367.

79.     Desiccare maintains relationships with prospective customers, who in the future may purchase Desiccare's products, including Desiccare's INTEGRA™ humectant system.  These relationships are likely to provide future economic benefit to Desiccare.

80.     On information and belief, Defendants knew of Desiccare's potential relationships with prospective customers.

81.     On information and belief, Defendants knew, or should have known, that the relationship between Desiccare and Desiccare's potential customers would be disrupted if Defendants failed to act with reasonable care in presenting information about Desiccare's products.

-14-

82.    Defendants fail to act with reasonable care by providing false and misleading statements about Desiccare's products, as alleged herein.   For example, by providing online video content available at www.YouTube.com and www.Bovedainc.com and by emailing prospective customers and making false, misleading, and disparaging statements with regard to Desiccare's products. Representative examples are included in Paragraphs 19-28 of the Complaint.

83.    Defendants knew or should have known that such conduct would interfere with Desiccare's prospective customers.   Defendants' conduct is unlawful.   Further, Defendants' conduct constitutes misrepresentation to the prospective customers.

84.    Defendants' false, misleading, and disparaging statements have disrupted and interfered with, and will continue to disrupt and interfere with, Desiccare's ability to sell and distribute its humidity control systems.

85.    As a result of Defendants' interference with Desiccare's prospective economic advantage, Desiccare has been damaged in an amount to be determined at trial.

86.    As a result of Defendants' interference with Desiccare's prospective economic advantage, Desiccare has been irreparably harmed and, if Defendants are not enjoined from continuing to make such false statements and from maintaining publication of the previously published false statements, Desiccare will continue to be irreparably harmed.

87.    As a result of Defendants' interference with Desiccare's prospective economic advantage, Desiccare's remedy at law is not adequate to compensate it for the injuries inflicted.   Accordingly, Desiccare is entitled to injunctive relief.

88.    Defendants' interference with Desiccare's prospective economic advantage was done with oppression, malice, and fraud, and undertaken with conscious disregard for the rights of others, including Desiccare.   Therefore, Desiccare is entitled to an award of punitive and exemplary damages against

1    Defendants.

2                              **PRAYER**

3       **WHEREFORE**, Plaintiff demands judgment against Defendants as

4    follows:

5       1.    For a temporary and permanent injunction prohibiting Defendants

6    from further falsely advertising and engaging in unfair competition pursuant to at

7    least 15 U.S.C. Section 1125, Cal. Bus. & Prof. Code Sections 17200 *et seq.* and

8    17500 *et seq.*; and from making any further false or disparaging statements

9    regarding Desiccare or Desiccare's products;

10      2.    For damages in excess of $75,000, according to proof;

11      3.    For corrective advertising;

12      4.    For disgorgement of profits and restitution;

13      5.    For punitive damages;

14      6.    For prejudgment interest on all damages pursuant to 15 U.S.C.

15   Section 1117(b), under California law, and any other applicable basis;

16      7.    For all of Plaintiff's costs and expenses of this Action, including

17   attorneys' fees; and

18      8.    For such other or further relief as the Court may deem just and

19   proper.

20

21   DATED:  February 1, 2016          Respectfully submitted,

22                                     LEWIS ROCA ROTHGERBER
                                       CHRISTIE LLP
23

24
                                       By */s/* Gary J. Nelson
25                                          Gary J. Nelson
                                            G. Warren Bleeker
26
                                       Attorneys for Plaintiff,
27                                     Desiccare, Inc.

28

*655 North Central Avenue*
*Suite 2300*
*Glendale, CA 91203-1445*

Lewis Roca
ROTHGERBER CHRISTIE

-16-

1

2

### **DEMAND FOR JURY TRIAL**

3

Plaintiff Desiccare, Inc., pursuant to Federal Rule of Civil Procedure 38,

4

hereby demands a trial by jury of all issues so triable.

5

6
DATED:  February 1, 2016            Respectfully submitted,

7
LEWIS ROCA ROTHGERBER
CHRISTIE, LLP

8

9
By */s/* Gary J. Nelson
      Gary J. Nelson
10
      G. Warren Bleeker

11
Attorneys for Plaintiff,
Desiccare, Inc.
12

13

14
AKS PAS1400499.5-*-02/1/16 5:24 PM

15

16

17

18

19

20

21

22

23

24

25

26

27

28

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE

-17-